UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-181-HRW

DAVID WAYNE BAKER                                                                        PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

ALBERTO GONZALEZ, ET AL.                                                          DEFENDANTS

## INTRODUCTION

The plaintiff, David Wayne Baker, is an inmate confined in the Federal Correctional Center in Ashland, Kentucky ("FCI-Ashland"). Proceeding *pro se*, he has filed a 28 U.S.C. §1331 complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Dkt. 1]. He has also filed a motion to proceed *in forma pauperis* [Dkt. 3]. The Court screens complaints asserting *Bivens* claims pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

Plaintiff has named as defendants Attorney General Alberto Gonzalez in his official capacity; Federal Bureau of Prisons Director Harley G. Lappin in his official capacity; Warden Terry O'Brien in his individual and official capacity; Mailroom Facility Supervisor Cathy Wyatt in her individual capacity; Mailroom Facility Staff Member Harry E. Hammack in his individual capacity; and Unknown John Does in their individual capacities. The plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## BACKGROUND

The plaintiff asserts four claims in his complaint.

1

Plaintiff first asserts that the Bureau of Prisons' ("BOP") implementation of the Federal Health Care Copayment Act of 2000, codified at 18 U.S.C. §§4013(d), 4048, which requires prisoners to pay a $2.00 co-payment for certain medical services, inflicts punishment upon him in addition to the sentence already imposed for his criminal conviction. Plaintiff asserts that BOP's regulations violate (1) the Bill of Attainder Clause of the Article I of the Constitution of the United States; (2) the Excessive Fines Clause of the Eighth Amendment; (3) his procedural due process rights under the Fifth Amendment; and (4) the Double Jeopardy Clause under the Fifth Amendment. With respect to this claim, plaintiff indicates that he invoked the first two steps in the BOP's grievance procedure set forth at 28 C.F.R. §542.10-.19 by attempting to informally resolve his grievance and by submitting a formal request for administrative relief (Form BP-9) on 13 September 2005. Plaintiff filed his complaint on 4 October 2005, before he had received a response from the BOP to that grievance. On January 30, 2006, Plaintiff filed a notice indicating the he received a final denial of his administrative grievance on January 4, 2006, three months after he had filed his complaint herein. [Record No. 6].

Plaintiff next alleges that on 21 occasions prison officials opened mail, sent to him by various federal courts or federal prosecutors, outside of his presence. Plaintiff avers that this conduct violated unspecified rights under the First, Fifth, and Sixth Amendments to the Constitution of the United States. Plaintiff invoked the BOP's grievance procedure with respect to opening his mail, initially asserting violation of his First and Fifth Amendment rights, although only asserting his First Amendment grounds on his Form BP-11. Plaintiff received a final denial of his grievance with respect to this issue from Harrel Watts, the administrator of

national inmate appeals, on 29 April 2004.

Plaintiff's third claim is based upon BOP Program Statement 1351.05, which prohibits a prisoner from possessing a copy of his Presentence Investigation Report ("PSR"). Baker alleges that on 23 August 2004, his PSR was confiscated by BOP personnel from a packet of materials returned to him by the Clerk of the Supreme Court of the United States when Baker was seeking *certiorari* from that court. Plaintiff alleges that the BOP violated the Administrative Procedures Act in promulgating the Program Statement, and that the opening of his legal mail outside of his presence violated his right of access to the courts protected under the First, Fifth, and Sixth Amendments to the Constitution of the United States. Plaintiff again invoked the BOP's grievance procedure and received a final denial of his grievance with respect to this issue on 15 February 2005.

Plaintiff's final claim relates to BOP Program Statement 5266.10, which implements 28 U.S.C. §530C(b)(6)'s prohibition against the BOP expending federal funds to distribute sexually-explicit materials to prisoners in federal custody. Plaintiff asserts that the BOP's refusal to permit him to use his own funds to subscribe to sexually-explicit publications to be delivered to him in prison violates his rights to freedom of speech and expression protected under the First Amendment to the Constitution of the United States. Plaintiff received a final denial of his grievance with respect to this issue on 20 July 2004.

## DISCUSSION

A prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v.*

*Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Plaintiff has adequately demonstrated exhaustion on three of his claims prior to the filing of his complaint by including final determination letters as exhibits to his complaint. Plaintiff did not, however, exhaust his available administrative remedies with respect to his first claim regarding copayments for health care services before filing his complaint. As previously noted, Plaintiff initiated the formal grievance procedure by filing a BP-9 Form on 13 September 2005, but filed his complaint on 4 October 2005, before having received a final determination on that issue. Where a prisoner files a grievance but fails to give prison officials adequate time to investigate and respond to the grievance before filing a complaint, the prisoner has failed to exhaust available administrative remedies. *Graham v. Perez*, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000).

The plaintiff's complaint therefore asserts three claims that were exhausted and one claim that was not exhausted at the time he filed his complaint. In such circumstances, the complaint must be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claims before filing his complaint. *Jones Bey v. Johnson*, 407 F.3d

4

801, 806, 809 (6th Cir. 2005) (all claims in civil rights complaint must be exhausted); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because a prisoner may not later amend his complaint to cure the failure to plead the exhaustion of administrative remedies, the complaint must be dismissed without prejudice. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, without prejudice.

(2) This is a **FINAL** and **APPEALABLE** order.

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This February 7, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge

5